UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BALCAL CONSTRUCTION, INC.,

Plaintiff,

v.

BERKLEY ASSURANCE COMPANY,

Defendant.

Case No.  25-cv-02997-RFL

**ORDER DENYING MOTION TO INTERVENE**

Re: Dkt. No. 31

Plaintiff BalCal Construction, Inc. filed this action against Berkley Assurance Company ("BAC") alleging a breach of contract and a breach of the covenant of good faith and fair dealing.  (Dkt. No. 1 at 8–13 ("Compl.").).)[1]  BAC is allegedly BalCal's insurer, and has allegedly refused to defend BalCal in a state court action in which claims are pending against BalCal.  (*Id.* ¶¶ 9–13; *see also* Dkt. No. 1 at 20–36.)  BAC removed this action to federal court based on diversity jurisdiction.  (Dkt. No. 1 at 1–6 ("Removal Notice").)  Louis and Suzanne Giraudo, who are cross-complainants in the state court action pending against BalCal, move to intervene in this action and have filed a proposed complaint asserting a claim against BalCal and BAC. (Dkt. No. 31.)  For the reasons discussed below, the motion to intervene is **DENIED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

*Permissive Intervention*.  The Giraudos argue that they are entitled to permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which states that a court may permit intervention if the prospective intervenor "has a claim or defense that shares with the

---

[1] Citations to page numbers refer to ECF pagination.

main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  In the Ninth

Circuit, a court has discretion to permit intervention when a movant presents: "(1) an

independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

fact between the movant's claim or defense and the main action." *Freedom from Religion

Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l

Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).

The Giraudos are not entitled to permissive intervention because they have not shown

that an independent ground for jurisdiction exists over their proposed complaint, which seeks to

assert a state law claim against both BalCal and BAC.  (Dkt. No. 31-1.)  The proposed complaint

states that diversity jurisdiction exists under 28 U.S.C. § 1332, but the Giraudos—the proposed

plaintiffs—are alleged to be citizens of California, and BalCal—a proposed defendant—is also a

citizen of California.  (*Id.* ¶ 1; Removal Notice ¶ 4.)  Therefore, the parties are not diverse.  The

Giraudos do not assert any other basis for jurisdiction, and none appears on the face of their

proposed complaint.  Therefore, permissive intervention is not appropriate.  *See Freedom from

Religion Found., Inc.*, 644 F.3d at 843 (explaining that the need for an independent ground for

jurisdiction "manifests itself most concretely in diversity cases where proposed intervenors seek

to use permissive intervention to gain a federal forum for state-law claims over which the district

court would not, otherwise, have jurisdiction").  Furthermore, as discussed below, the Giraudos

have failed to establish that their intervention is timely.

***Intervention as of Right.***  The Giraudos also seek to intervene as of right under Federal

Rule of Civil Procedure 24(a)(2).  Therefore, they have the burden to show that they have (1) a

"significant protectable interest as to the property or transaction that is the subject of the action;

(2) the disposition of the action may, as a practical matter, impair or impede the[ir] ability to

protect [the] interest; (3) the application is timely; and (4) the existing parties may not adequately

meet [their] interest." *California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54

F.4th 1078, 1086 (9th Cir. 2022).  The first prong of the test requires the Giraudos to show that

their asserted interest is "protectable under some law" and that "there exist a relationship

2

between the legally protected interest and the claims at issue." *Id.* at 1088 (quotation omitted).

The Giraudos have not satisfied their burden as to prong one.  The Giraudos seek a "binding judicial declaration . . . that the BAC policy issued to BalCal covers some or all of [the Giraudos'] claims" and assert that "BAC has an obligation to pay benefits to them."  (Dkt. No. 31-1 ¶¶ 26, 28.)  But as third-party claimants, they have not shown that they have an interest they can assert against BAC unless and until they receive a judgment in their favor in their state law case.  That is because under established California law, a third-party claimant who seeks recovery against a commercial general liability insurer's insured must wait to obtain a final judgment against that insured before attempting to sue the insurer to collect any damages covered by the policy.  *See Moradi-Shalal v. Fireman's Fund Ins. Companies*, 758 P.2d 58, 74–75 (Cal. 1988); *See also*, *e.g.*, *John v. Nationwide Mut. Ins. Co.*, No. 23-cv-06507-WHO, 2024 WL 1589981, at *3 (N.D. Cal. Apr. 10, 2024) (dismissing a plaintiff third-party claimant's claims against an insurer because plaintiff could not "sue the insurer without first obtaining a judgment against the insured").[2]  And the fact that the Giraudos do not seek damages from BAC in this action—only a declaration that BAC would be obligated to pay any damages eventually awarded—does not change the analysis.  The Court cannot issue a declaratory judgment when it is too early to determine what harm, if any, will be suffered by the Giraudos.  *See California v. Oroville-Wyandotte Irrigation District*, 409 F.2d 532, 535 (9th Cir. 1969) (citing 28 U.S.C. § 2201).

To avoid this outcome, the Giraudos assert that they are not third-party claimants, but rather "additional insured" under the BAC/BalCal contract.  They point to a provision in the contract between themselves and BalCal which requires BalCal to obtain "[c]omprehensive general liability insurance that names [the Giraudos] as additional insureds and that protects [BalCal and the Giraudos] against any liability that [BalCal] may incur."  (Dkt. No. 36 at 2.)

---

[2] This is in contrast with insurers, who under California law have a legally protectable interest, in some circumstances, in preventing their insured from defaulting.  *See*, *e.g.*, *California Dep't of Toxic Substances Control*, 54 F.4th at 1090.

3

However, the Giraudos have not alleged that the BAC/BalCal contract contains such a provision. The allegation that *BalCal* promised to maintain insurance naming the Giraudos as additional insured is not sufficient to draw an inference that *BAC* agreed to insure the Giraudos. Furthermore, to the extent the Giraudos are seeking to enforce a contract with BalCal through intervention, there is not a sufficient relationship between that legally protected interest and the claims at issue here, which arise out of the alleged contractual relationship between BAC and BalCal, and not the relationship between BalCal and the Giraudos.

Finally, even assuming the Giraudos had satisfied the first prong of the test for intervention as of right, they fail to satisfy their burden with respect to the second and third prongs. The Giraudos do not explain how they will be injured if they are required to wait until they receive a judgment in the state court action before seeking damages from BAC. Nor do they explain on what basis they believe that any issues decided in this action would have a binding effect on them in a future action against BAC. With respect to timeliness, this action was filed on April 1, 2025, fact discovery is now closed, and dispositive motions are due in less than three months. The Giraudos do not dispute that they have been aware of this action since at least October 2025,[3] yet they did not move to intervene until January 16, 2026, two weeks before the close of fact discovery. They do not explain the reason for this delay. Therefore, the Giraudos have failed to show that they timely sought intervention in this action.

*Conclusion*. For the forgoing reasons, the Motion to Intervene is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 20, 2026

RITA F. LIN
United States District Judge

---

[3] The Giraudos' counsel asserts that he became aware of the action in November, two months before filing the motion to intervene. (Dkt. No. 31-2 ¶ 9.) The Giraudos do not respond to Plaintiffs' assertion that the Giraudos themselves were made aware of the action in October, in advance of a scheduled mediation. (Dkt. No. 34 at 8.)